**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

TIMOTHY E. TRIMBLE,

    Plaintiff,

vs.                                       Case No.  2:07-cv-00508-FtM-34DNF

UNITED STATES SOCIAL SECURITY
ADMINISTRATION,

    Defendant.
_____/

## O R D E R[1]

**THIS CAUSE** is before the Court on the following motions: (1) Plaintiffs' [sic] Motion Injunctive Relief Sought (Doc. No. 1; First Motion for Preliminary Injunction), filed on August 10, 2007;[2] (2) Plaintiffs' [sic] Motion Restraining Order Sought (Doc. No. 14; Motion for TRO), filed on September 24, 2007; (3) Federal Defendants' [sic] Motion to Dismiss Plaintiff's Motion Injunctive Relief Sought (Doc. No. 17; First Motion to Dismiss), filed on October 18, 2007; and (4) Plaintiffs' [sic] Motion Injunctive Relief Sought Revised 12/24/2007 (Doc. No. 28; Second Motion for Preliminary Injunction),[3] filed on December 27, 2007.

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically.  However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

[2] The Court notes that Plaintiff is proceeding pro se, and as such, Plaintiff's pleadings will be liberally construed.  See Tannenbaum v. U.S., 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

[3] Plaintiff's Second Motion for Preliminary Injunction (Doc. No. 28) is an amended version of Plaintiffs' [sic] Motion Injunctive Relief Sought (Doc. No. 1).  See First Motion for Preliminary Injunction at 1; Second Motion for Preliminary Injunction at 1.

On August 31, 2007 Plaintiff filed Plaintiffs' [sic] Complaint for Injunctive Relief (Doc. No. 8; Complaint), against the Social Security Administration (SSA), seeking recovery of monies being withheld from his social security payments under the authority of an out-of-state garnishment order for overdue child support payments. See Complaint at 1. Attached to the Complaint are bank records, presumably detailing Plaintiff's account activity. See generally Complaint Exhibit 1 (Doc. No. 8-2). Plaintiff requests that the Court issue a preliminary injunction as well as a temporary restraining order (TRO) enjoining the SSA from deducting $600.00 each month from his social security disability benefit payments, and ordering the SSA to return the previously garnished benefits to him. See Motion for TRO at 1; First Motion for Preliminary Injunction at 1; Second Motion for Preliminary Injunction at 1. In support of his request for injunctive relief, Plaintiff has submitted various documents from the SSA website as well as correspondence and documents that appear to be related to the underlying garnishment proceeding. See Plaintiff [sic] Evidence Pages 1-19 (Doc. No. 2; Plaintiff's First Exhibits); Plaintiff [sic] Evidence page [sic] 20-35 (Doc. No. 22; Plaintiff's Second Exhibits).

As a preliminary matter, although entitled "Defendants' [sic] Motion to Dismiss Plaintiff's Motion for Injunctive Relief," a review of Defendant's First Motion to Dismiss discloses that it requests dismissal of the Complaint and also sets forth Defendant's opposition to Plaintiff's First Motion for Preliminary Injunction, which was filed in advance of the Complaint. See First Motion to Dismiss at 1, 2. Subsequent to the filing of the First Motion to Dismiss, Plaintiff filed the Amended Complaint, see Complaint Injunctive Relief Sought Introduction Revised 12/24/2007 (Doc. No. 27; Amended Complaint), and filed the

Second Motion for Preliminary Injunction. In response, on January 10, 2008, Defendant filed Federal Defendants' Motion to Dismiss Plaintiff's Revised Complaint and Motion Injunctive Relief Sought (Doc. No. 31; Second Motion to Dismiss). Consequently, the First Motion to Dismiss will be denied as moot.

Turning next to Plaintiff's requests for entry of a temporary restraining order and/or a preliminary injunction, the Court notes that Plaintiff has failed to comply with the requirements of the Federal Rules of Civil Procedure (Rule(s)) and the Local Rules, United States District Court, Middle District of Florida (Local Rule(s)). For instance, the Court's review of the filings on record discloses that Plaintiff has not submitted affidavits or a verified complaint in support of his request for preliminary injunctive relief as required by Rule 65(b) and Local Rules 4.05 and 4.06. Rule 65(b) provides, in pertinent part, as follows: "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."[4] See Rule 65(b)(1)(A). Moreover, Local Rule 4.05(b)(2) provides that a motion for entry of a TRO must be accompanied by "specific facts in an affidavit or a verified complaint clearly show[ing] that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible." Additionally, Local Rule 4.06, which governs the entry of preliminary

---

[4] The Court notes that Rule 65 was amended in 2007, effective December 1, 2007. "Although no substantive change was made, Rule 65(d)(2) was changed to resolve two ambiguities that had occurred when the rule was adapted from an earlier existing statute." 11A Wright & Miller, Federal Practice & Procedure § 2941. Upon review, the undersigned determines that the changes to the Rule have no effect on the Court's analysis of the pleadings before the Court in this Order.

injunctions, requires that a plaintiff fully comply with the procedural requirements of Rule 4.05(b)(1) through (b)(5). Plaintiff has not submitted a verified complaint, nor has he submitted an affidavit supporting the allegations in the Complaint or his request for injunctive relief. Instead, the only affidavit submitted by Plaintiff is that of Cynthia Trimble. See Plaintiff's Evidence at 17-18. This affidavit is insufficient to satisfy the requirements of Rule 65 and Local Rule 4.05(b), as it does not even reference the garnishment or child support order, much less set forth facts that would aid the Court in evaluating whether the requirements for injunctive relief have been satisfied in this case. See generally id. Moreover, Plaintiff has not submitted a proposed form of TRO or proposed preliminary injunction, prepared in accordance with Rule 65(b) and (d) and Local Rule 4.05(b)(3), nor has he provided the Court with sufficient facts to determine "the amount of security which must be posted," as required by Rule 65(b) and Local Rules 4.05(b)(3) and 4.06(b)(1). Accordingly, the Court finds that the Motion for TRO, First Motion for Preliminary Injunction, and Second Motion for Preliminary Injunction are due to be denied for failure to comply with Rule 65 and the Local Rules.

In addition, based upon the record presently before the Court, Plaintiff has failed to establish that a TRO or preliminary injunction is necessary to maintain the status quo until a final decision on the merits can be reached.

> A TRO or preliminary injunction is appropriate where the movant demonstrates that:
> (a) there is a substantial likelihood of success on the merits;
> (b) the TRO or preliminary injunction is necessary to prevent irreparable injury;
> (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and

      (d)  the TRO or preliminary injunction would not be averse to the public interest.

Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam) (TRO and preliminary injunction) (citing Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985)); see also CBS Broadcasting, Inc. v. EchoStar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001) (preliminary injunction). The Eleventh Circuit Court of Appeals has recognized that "a preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to the four requisites." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (internal quotation omitted) (quoting All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A Rule 65 TRO often functions to preserve the status quo until a court can enter a decision on a preliminary injunction application, while a Rule 65 preliminary injunction is often used to maintain the status quo until a court can enter a final decision granting a permanent injunction or some other final relief." U.S. v. DBB, Inc., 180 F.3d 1277, 1282 n. 5 (11th Cir. 1999) (finding that the term "restraining order" in the False Claims Act, 18 U.S.C. § 1345 could refer either to a "temporary restraining order" or other forms of injunctive relief). Accordingly, pursuant to Local Rule 4.05(a), TROs "will be entered only in emergency cases to maintain the status quo until the requisite notice may be given and an opportunity is afforded to opposing parties to respond to the application for a preliminary injunction." As Plaintiff has, in fact, served the Motion for TRO, as well as the First and Second Motions for Preliminary Injunction, on Defendant, and as Defendant has responded to the Motion for TRO and the First and

Second Motions for Preliminary Injunction, it is evident that a TRO would not be appropriate. Rather, given the procedural posture of this action, to the extent Plaintiff seeks injunctive relief, he seeks the entry of a preliminary injunction, not a TRO.

Upon review of the First and Second Motions for Preliminary Injunction, the Court finds that Plaintiff has failed to satisfy his burden of persuasion as to all four prerequisites to the entry of preliminary injunctive relief.  With regard to whether Plaintiff has a substantial likelihood of success, instead of citing any authority in support of his position, Plaintiff merely concludes that success is substantially likely because "there exist [sic] no legal excuse or justification for any agency notwithstanding even the federal government to behave in such a manner."  See First Motion for Preliminary Injunction at 4; Second Motion for Preliminary Injunction at 3.  This conclusory allegation falls far short of carrying Plaintiff's burden.

Nevertheless, even if Plaintiff established a substantial likelihood of success on the merits, his request for injunctive relief would be due to be denied, as the evidence on record at this time does not support a finding that Plaintiff will sustain irreparable injury or loss.  See Siegal v. LePore, 234 F.3d 1163, 1176 (11th cir. 2000) ("[E]ven if Plaintiffs establish a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper.").  An irreparable injury "'must be neither remote nor speculative, but actual and imminent.'"  Id. at 1176-77 (quoting Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville, 896 F.2d 1283, 1285 (11th cir. 1990)).  "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough. The possibility that adequate compensatory or other corrective relief will be available at a

later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." U.S. v. Jefferson County, 720 F.2d 1511, 1520 (11th Cir. 1983).  In other words, "economic losses alone" generally do not warrant the entry of a preliminary injunction. BellSouth Telecommunications, Inc.v. MCIMetro Access Transmission Services, LLC, 425 F.3d 964, 970 (11th Cir. 2005) (finding that a business's loss of customers and goodwill is an irreparable injury distinguished from "economic loss alone") (citing Ferrero v. Associated Materials Inc., 923 F.2d 1441, 1449 (11th Cir. 1991)).

While Plaintiff alleges in the First Motion for Preliminary Injunction that he is "financially burdened," and that "[t]he emotional duress is exacerbating existing medical conditions," see First Motion for Preliminary Injunction at 4, he has presented no evidence in support of that contention.  Moreover, in the Second Motion for Preliminary Injunction and Motion for TRO, Plaintiff merely asserts he "has and is suffering for being financially overburdened without legal justification," see Second Motion for Preliminary Injunction at 3, and that he is in "extreme financial hardship," see Motion for TRO at 1.  Without more information, Plaintiff's submissions do not establish a substantial likelihood that he will suffer irreparable injury as Plaintiff's alleged damages appear to be compensable.[5]  In light of the foregoing, the Court concludes that Plaintiff's Motion for TRO, First Motion for Preliminary Injunction, and Second Motion for Preliminary Injunction are due to be denied.  Accordingly, it is hereby

---

[5] As Plaintiff has failed to establish irreparable injury, the Court finds that it is unnecessary to address the remaining prerequisites to injunctive relief at this time.  See Siegal, 234 F.3d 1163, 1178 (noting that "proof of irreparable injury is an indispensable prerequisite to a preliminary injunction . . . .").

**ORDERED**:

1.   Plaintiffs' [sic] Motion Injunctive Relief Sought (Doc. No. 1) is **DENIED**.

2.   Plaintiffs' [sic] Motion Restraining Order Sought (Doc. No. 14) is **DENIED**.

3.   Federal Defendants' Motion to Dismiss Plaintiff's Motion Injunctive Relief Sought (Doc. No. 17) is **DENIED AS MOOT**.

4.   Plaintiffs' [sic] Motion Injunctive Relief Sought Revised 12/24/2007 (Doc. No. 28) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of January, 2008.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc5

Copies to:
Pro Se Party
Counsel of Record